JS 44 (Rev. 10/20)  **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

JOHN CORLEY

**DEFENDANTS**

COMMUNITY REALTY MANAGEMENT

**(b)** County of Residence of First Listed Plaintiff    MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FMLA, ADA, PHRA

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
05/27/2021

SIGNATURE OF ATTORNEY OF RECORD
Sidney L. Gold, Esquire

Digitally signed by Sidney L. Gold, Esquire
Date: 2021.05.27 15:44:03 -04'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 311 East Johnson Highway, Norristown, PA 19401 _____

Address of Defendant: _____ 2829 N. Lambert Street, Philadelphia, PA 19132 _____

Place of Accident, Incident or Transaction: _____ 2829 N. Lambert Street, Philadelphia, PA 19132 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 05/27/2021 _____   _____ /s/ Sidney L. Gold, Esq. _____   _____ 21374 _____
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.* **Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

*B.* **Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ SIDNEY L. GOLD, ESQUIRE _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _____ 05/27/2021 _____   _____ /s/ Sidney L. Gold, Esq. _____   _____ 21374 _____
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| JOHN CORLEY | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | |
| COMMUNITY REALTY | : | |
| MANAGEMENT | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (☑)

| 05/27/2021 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)         The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)         In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)         The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)         Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)         Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JOHN CORLEY, | : | CIVIL ACTION NO: |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| COMMUNITY REALTY | : | |
| MANAGEMENT, | : | |
| *Defendant.* | : | **JURY TRIAL DEMANDED** |
| | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

1.    This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees, and other relief on behalf of the Plaintiff, John Corley ("Plaintiff Corley"), a former employee of the Defendant, Community Realty Management ("Defendant"), who has been harmed by the Defendant's discriminatory and unlawful employment practices.

2.    This action arises under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612, et. seq., the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et. seq.

**II.    JURISDICTION AND VENUE:**

3.    The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiffs Corley's claims are substantively based on both the FMLA and the ADA, and a substantial part of the events giving rise to Plaintiff Corley's claims occurred within this district.

4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Corley's claims arising under the PHRA.

-1-

-2-

5.      All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Corley has satisfied all jurisdictional prerequisites to the maintenance of this action.

## III.   PARTIES:

6.      Plaintiff, John Corley ("Plaintiff Corley"), is a fifty-nine (59) year old male citizen of the Commonwealth of Pennsylvania, residing therein at 311 East Johnson Highway, Norristown, PA 19401.

7.      Defendant, Community Realty Management ("Defendant"), was and is now a corporation duly organized and maintaining a place of business at 2829 N. Lambert Street, Philadelphia, PA 19132.

8.      At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.      At all times material herein, the Defendant has been a "person" and "employer" as defined under the FMLA, the ADA, and the PHRA, and accordingly is subject to the provisions of each said Act.

## IV.   STATEMENT OF CLAIMS

10.     Plaintiff Corley, a fifty-nine (59) year old male, was employed by the Defendant from on or about August 25, 2015 until on or about May 6, 2019, the date of his unlawful termination.

11.     During his tenure of employment with the Defendant, Plaintiff Corley held the positions of Custodial Technician and Maintenance Technician. On or about January 29, 2018, the Defendant promoted Plaintiff Corley to the position of Maintenance Technician as a result of

-2-

his stellar work performance. At all times relevant hereto, Plaintiff Corley maintained an excellent job performance rating in said capacities.

12.     By way of background, the Defendant had never issued Plaintiff Corley negative performance reviews, formal complaints regarding his performance, nor a performance improvement plan.

13.     By way of further background, throughout the entirety of Plaintiff Corley's tenure with the Defendant, Plaintiff Corley suffered from Type 2 Diabetes. Said medical condition constitutes a disability pursuant to the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Plaintiff Corley's major life activities, including, but not limited to, eating, caring for oneself, and major bodily functions, including, but not limited to, endocrine functions.

14.     On or about April 25, 2018, Nakia Parker ("Parker"), Property Manager and Plaintiff Corley's direct supervisor, imposed a rigid schedule of lunch and break times. Additionally, Parker instituted a new rule that employees were not able to keep their cell phones on them while working. The rigid schedule of breaks had a negative effect on Plaintiff Corley's diabetes, and Plaintiff Corley needed his cell phone close by in case of an emergency due to his disability.

15.     Shortly thereafter, Plaintiff Corley contacted Parker to alert her to the negative effect of the new instituted policies on his disability and to request reasonable accommodations. Plaintiff Corley requested to be allowed to keep his phone on him during work for emergencies and to take as-needed breaks when necessitated by his disability.

16.     Following Plaintiff Corley's request for reasonable accommodations, Parker requested documentation from Plaintiff Corley's physician to support his requests. Plaintiff

-3-

Corley complied with Parker's request and provided Parker with a note from his physician outlining his medical needs.  Despite the same, the Defendant failed to engage in the interactive process with Plaintiff Corley in order to provide a reasonable accommodation. To the detriment of his disability, Plaintiff Corley continued to comply with the said policies to the best of his ability.

17.    On or about August 6, 2018, Plaintiff Corley received a workplace injury when a resident slammed a heavy door on Plaintiff Corley's shoulder. Plaintiff Corley's physician diagnosed him with Adhesive Capsulitis of Left Shoulder and Rotator Cuff Tendonitis.  Said medical condition constitutes a disability pursuant to the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impairs one or more of Plaintiff Corley's major life activities, including, but not limited to, lifting and performing manual tasks. Plaintiff Corley's physician recommended light duty with no use of the upper extremity and provided documentation to submit to the Defendant.

18.    Upon received the aforementioned note, Parker approved said request for a reasonable accommodation. However, despite approving light duty, Parker continued to assign Plaintiff Corley tasks and duties that were forbidden by the approved accommodation.

19.    In or about September 2018, Plaintiff Corley registered a complaint to Parker that the Defendant was refusing to honor his approved request for light duty, which was, as a result, impeding his healing process. Parker proceeded to mock Plaintiff Corley by inquiring whether he thought that the light duty request meant that he could "stay at home all day" instead of working, thereby displaying her discriminatory animus against Plaintiff Corley.

20.    In or about October 2018, Laniece Lee ("Lee"), Property Manager, became Plaintiff Corley's direct supervisor.

-4-

21.    On or about October 30, 2018, Plaintiff Corley's physician wrote another letter to the Defendant, recommending a continuation of Plaintiff Corley's light duty with no use of the upper extremity. Plaintiff Corley submitted this letter to Lee, but the Defendant again refused to accommodate him.

22.    In or around December 2018, Plaintiff Corley registered a complaint of discrimination with Lee with respect to the Defendant's refusal to accommodate him. Lee responded by stating that if Plaintiff Corley cannot complete requested duties, that he will be sent home as a result.

23.    On or about February 6, 2019, Plaintiff Corley suffered a transient ischemic attack ("TIA"), more commonly known as a mini-stroke, while at work, resulting in Plaintiff Corley's hospitalization.

24.    On or about February 12, 2019, following Plaintiff Corley's TIA, Plaintiff Corley requested a medical leave of absence pursuant to the Family and Medical Leave Act ("FMLA") as a reasonable accommodation for his disability.

25.    On or about April 25, 2019, Plaintiff Corley's physician cleared him to return to work on May 6, 2019, with a thirty-day light duty restriction.

26.    On or about April 26, 2019, the Defendant approved Plaintiff Corley's request.

27.    On or about May 6, 2019, upon returning to work, Plaintiff Corley found out that he was not listed in the system used by the employees to clock in. Plaintiff Corley proceeded to wait for approximately an hour for Lee to arrive to clock him in. Notably, Plaintiff Corley never had issues clocking in prior to this date.

28.    When Lee arrived, she informed Plaintiff Corley that his request for light duty was denied and that unless Plaintiff Corley could return to work without restrictions, his position

could no longer be held open.  Accordingly, The Defendant terminated Plaintiff Corley's employment at that time.

29.    The Defendant did not provide any other explanations behind the denial of Plaintiff Corley's request, nor did the Defendant provide an explanation behind Plaintiff Corley's unexpected termination immediately following his approved FMLA leave.

30.    Plaintiff Corley believes and avers that the articulated reason for termination was pretextual and that the Defendant terminated his employment due to his disability and in retaliation for requesting a reasonable accommodation.

## COUNT I
### (Violation of the FMLA – Retaliation)
### Plaintiff Corley vs. the Defendant

31.    Plaintiff Corley incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

32.    The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Corley for exercising his statutory rights pursuant to the FMLA, constitute a violation of the FMLA.

33.    As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Corley has sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

34.    By reason of the aforesaid unlawful employment practices engaged in by the Defendant in violation of the FMLA, Plaintiff Corley is entitled to liquidated damages, which he hereby claims of the Defendant.

## COUNT II
### (Violations of the ADA – Disability Discrimination, Failure to Accommodate, and Failure to Engage in the Interactive Process)
### Plaintiff Corley vs. the Defendant

35.    Plaintiff Corley incorporates by reference paragraphs 1 through 34 of this Complaint as though fully set forth at length herein.

36.    The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Corley to unlawful discrimination on the basis of his actual and/or perceived disabilities and/or record of impairments (Malignant Leydig Cell Tumor), failing to accommodate Plaintiff Corley, and failing to engage in the interactive process with Plaintiff Corley, constitute violations of the ADA.

37.    As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Corley sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

38.    As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Corley suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (Violation of the ADA – Retaliation)
### Plaintiff Corley vs. the Defendant

39.    Plaintiff Corley incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth at length herein.

40.    The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Corley for requesting a reasonable accommodation, constitute a violation of the ADA.

41. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Corley sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

42. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Corley suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT IV**
**(Violations of the PHRA – Disability Discrimination, Failure to Accommodate,**
**And Failure to Engage in the Interactive Process)**
**Plaintiff Corley vs. the Defendant**

43. Plaintiff Corley incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth at length herein.

44. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Corley to unlawful discrimination on the basis of his actual and/or perceived disabilities and/or record of impairments (Malignant Leydig Cell Tumor), failing to accommodate Plaintiff Corley, and failing to engage in the interactive process with Plaintiff Corley, constitute violations of the PHRA.

45. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Corley sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

46. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendants in violation of the PHRA, Plaintiff Corley suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
### (Violation of the PHRA – Retaliation)
### Plaintiff Corley vs. the Defendant

47.     Plaintiff Corley incorporates by reference paragraphs 1 through 46 of this Complaint as though fully set forth at length herein.

48.     The actions of the Defendant, through its agents, servants, and employees, in retaliating against Plaintiff Corley for requesting a reasonable accommodation, constitute a violation of the PHRA.

49.     As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Corley sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

50.     As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Corley suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

51.     Plaintiff Corley incorporates by reference paragraphs 1 through 50 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Corley respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and Order the following relief:

a.      A declaratory judgment that the Defendant has violated Plaintiff Corley's rights pursuant to the aforesaid causes of action;

b.      Defendant compensate Plaintiff Corley for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

c.      Defendant compensate Plaintiff Corley with an award of front pay, if appropriate;

d.      Defendant pay to Plaintiff Corley liquidated damages, as allowable under the FMLA.

e.      Defendant pay to Plaintiff Corley compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as allowable by law.

f.      Defendant pay to Plaintiff Corley punitive damages under any applicable law, pre-judgment interest and post-judgment interest, costs of suit, attorney's fees, and expert witness fees, as allowable by law;

g.      Defendant pay to Plaintiff Corley such further and additional relief as may be just and proper, or that the interests of justice may require.

## JURY DEMAND

Plaintiff Corley demands a trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By:    /s/ Sidney L. Gold, Esquire
       SIDNEY L. GOLD, ESQUIRE
       I.D. NO.: 21374
       1835 Market Street, Suite 515
       Philadelphia, PA 19103
       (215) 569-1999
       **Attorneys for Plaintiff**

Dated:  May 27, 2021

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.


DATE: May 26, 2021

_____
John corley (May 26, 2021 20:44 EDT)
JOHN CORLEY, PLAINTIFF